**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dianne Osborn, | No. CV-22-00959-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Ms. Dianne Osborn ("Plaintiff") seeks this Court's review of the Social Security Administration ("SSA") Commissioner's (the "Commissioner") denial of her applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). (Doc. 14 at 1). This matter is fully briefed. (*See* Docs. 13; 16; 17). Upon review of the briefs and the Administrative Record (Doc. 11, "AR"), the Court reverses the decision of the Administrative Law Judge and remands this case for further proceedings consistent with this Order. (AR at 772–785).

**I.    Background**

Plaintiff filed for SSDI and SSI benefits on May 10, 2018, alleging a disability beginning May 1, 2017. (*Id*. at 192–207). On June 24, 2020, Plaintiff appeared and testified at a telephone hearing before Administrative Law Judge Christina Young Mein ("ALJ Mein"). (*Id*. at 30-55). On June 30, 2020, ALJ Mein issued an unfavorable decision (the "June Decision"). (*Id*. at 12–27). Plaintiff appealed the unfavorable decision to this Court, and the Court granted a Joint Motion for Voluntary Remand and ordered the Appeals

Council to direct the ALJ to take any steps necessary to fully develop the administrative record and, specifically, to "consider claimant's past relevant work and whether it met the regulatory requirements to constitute past relevant work as outlined in Social Security Ruling 82-62." (Doc. 13 at 2).

Administrative Law Judge Paul Isherwood (the "ALJ") was assigned Plaintiff's case upon remand, and he held a telephonic hearing on February 14, 2022, to determine if Plaintiff was disabled under the Social Security Act (the "Act").[1] (AR at 772–73). After the hearing, the ALJ found that Plaintiff was not disabled under the Act and denied her claims for SSDI and SSI benefits. (*Id*. at 785). To reach this finding, the ALJ followed a five-step process that the SSA has established for disability hearings.

**II.   The ALJ's Five Step Process**

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ follows a five-step process[2] to determine whether a claimant is disabled for purposes of the Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)–(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. (AR at 773).

[2] The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*, 180 F.3d at 1098.

benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity"[3] in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)–(v).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013); *see also* 20 C.F.R. § 404.1520(a)–(g). If the ALJ determines no such work is available, the claimant is disabled. *Id.* § 404.1520(a)(4)(v).

After applying this five-step process, the ALJ found that Plaintiff was not disabled under the Act, and as such, was not entitled to benefits. (AR at 785). At steps one and two, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability and that Plaintiff had several severe impairments, including: degenerative disc disease, chronic pain syndrome, complex regional pain syndrome, and occipital neuralgia/headaches. (*Id.* at 775). At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 776).

At step four, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that "she can frequently climb ramps and stairs and frequently balance. She can occasionally climb ladders, ropes, scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can have no exposure to unprotected heights and moving mechanical parts or other workplace hazards." (*Id.* at 777). To reach this decision, the ALJ found that Plaintiff's testimony "concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 778). The ALJ also considered several medical opinions and prior administrative medical findings in the record, which the Court will discuss where relevant.

---

[3] A claimant's "residual functional capacity" is defined as their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

(*Id*. at 783).

Finally, at step five, the ALJ found that Plaintiff is "capable of performing past relevant work as a receptionist and as a housekeeper/cleaner" as this work "does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." (*Id.* at 784). The Court must now determine whether these findings are supported by substantial evidence.

### III.    Standard of Review

In determining whether to reverse a decision by an ALJ, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by "substantial evidence" or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id*. Substantial evidence is the type of evidence that would suffice, at trial, to avoid a directed verdict. *See Nat'l Labor Relations Bd. v. Columbian Enameling & Stamping Co*., 306 U.S. 292, 300 (1939).

To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Orn*, 495 F.3d at 630. The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

must be upheld." *Id.* at 954 (citations omitted).

Even when the ALJ commits legal error, the Court will still uphold the ALJ's decision where that error is harmless. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if it is "inconsequential to the ultimate nondisability determination," or "if the agency's path may reasonably be discerned," even if the agency "explains its decision with less than ideal clarity." *Id.*

**IV.    Discussion**

Plaintiff argues on appeal that the ALJ's decision is not supported by substantial evidence for three reasons: (1) the ALJ erred by failing to provide clear and convincing reasons for discrediting Plaintiff's symptom testimony; (2) the ALJ erred by classifying work performed for her spouse, Roy Osborn, as past relevant work; and (3) the ALJ erred in failing to support the assigned RFC with substantial evidence. (Doc. 13 at 6). Plaintiff asks this Court to remand for an award of benefits, or in the alternative, to remand for further proceedings. (*Id.* at 18–20).

The Commissioner concedes that remand is warranted here but argues the Court should remand for further proceedings rather than with an instruction to award benefits. The Commissioner claims the record is insufficient to demonstrate that Plaintiff is disabled. (Doc. 16 at 2). Thus, the narrow issue on appeal is whether the Court should remand for further proceedings or with instructions to award benefits.

**A.    Legal Standards for Remand**

A reviewing court has the discretion to remand a case either for further administrative proceedings or for a finding of disability and award of benefits. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989); s*ee also* 42 U.S.C. §405(g) (stating that "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'"). Although a court should generally remand to the agency for additional investigation or explanation (sometimes referred to as the "ordinary remand rule"), a court has discretion to remand for an award of benefits when no useful purpose would be served by further administrative proceedings or when the

record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler*, 775 F.3d at 1100; *Garrison v. Colvin*, 759 F.3d 995, 1017, 1020 (9th Cir. 2014).

The Ninth Circuit has set out a three-part test, sometimes referred to as the "credit-as-true rule," to determine whether the Court should depart from the "ordinary remand rule." *Treichler*, 775 F.3d at 1100-1102; *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) ("*Varney II*"). That rule states that a district court may credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020. It is also "an abuse of discretion for a district court not to remand for an award of benefits when all of these conditions are met." *Garrison*, 759 F.3d at 1021 (internal citations omitted).

### B.     The Credit-As-True Rule Does Not Apply

Plaintiff argues remand for benefits is warranted because the ALJ did not provide legally sufficient reasons for rejecting her symptom testimony. (Doc. 13 at 6). At the hearing below, the ALJ found that Plaintiff had the RFC to perform light work with certain exceptions. (AR at 777). To reach this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" and also "considered the medical opinion(s) and prior administrative medical finding(s)." (*Id*.) Plaintiff testified on her own behalf and the ALJ was required to follow a two-step process to evaluate her testimony regarding pain and symptoms. *Garrison*, 759 F.3d at 1014.

An ALJ must perform a two-step analysis when determining whether a claimant's testimony regarding subjective pain or symptoms is credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–1036 (9th Cir. 2007). First, the ALJ evaluates whether the claimant has

1 presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR at 778). After discounting Plaintiff's testimony, the ALJ supported his decision by discussing the other evidence in the record as to each of her impairments. For instance, the ALJ noted that Plaintiff underwent a surgery to place a stimulator on her spine which "fixed her back pain." (*Id*. at 779). The ALJ also found that Plaintiff's testimony was inconsistent with the other evidence in the record because she remained able to perform a wide range of daily activities that were inconsistent with her allegations. (*Id*. at 783). The ALJ further found that Plaintiff's activities support an ability to stand, walk, lift, and move consistent with the residual functional capacity assessment. (*Id*.)

Based on this, the Court concludes that the ALJ provided legally sufficient reasons for rejecting Plaintiff's symptom testimony. The ALJ discussed, at length, the other evidence in the record which he found to contradict Plaintiff's testimony. (*Id*. at 778–783). Indeed, it is the ALJ's responsibility to determine credibility and resolve conflicts in the evidence. *Andrews*, 53 F.3d at 1039. The ALJ sufficiently articulated his reasons for rejecting Plaintiff's symptom testimony on this basis. The Court will not reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas*, 278 F.3d at 954. The Court generally remands for an award of benefits only in "rare circumstances," where "no

useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Treichler*, 775 F.3d at 1101. This is not such a case, because the first factor of the credit-as-true rule is not satisfied.

Even if the first factor were satisfied, under the second factor of the credit-as-true rule, there are also outstanding issues that must be resolved before a determination of disability can be made, such as the ALJ's misstatement of Plaintiff's earnings at step four. (Doc. 16 at 8). Further, the Court also concludes that it is not entirely clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Thus, because the credit-as-true rule is not satisfied, remanding for further proceedings is appropriate here. *See Connett v. Barnhart*, 340 F.3d 871, 874–76 (9th Cir. 2003) (citing cases and reaffirming that the reviewing court retains discretion to remand for further proceedings even when the ALJ fails "to assert specific facts or reasons to reject [the claimant]'s testimony"); *see also Garrison*, 759 F.3d at 1021 (noting that a district court retains the flexibility to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act").

V. **Conclusion**

The Court, in its discretion, will remand Plaintiff's case for further proceedings rather than for an award of benefits. On remand, the ALJ must (1) properly evaluate Plaintiff's non-severe impairments of carpal tunnel syndrome, depression, and anxiety; (2) properly evaluate the prior administrative medical findings; (3) correct the misstatement of earnings at step four; and (4) explain his rationale with regard to Plaintiff's RFC.

Accordingly,

**IT IS ORDERED** that Administrative Law Judge's March 21, 2022, decision is reversed in part and remanded for additional proceedings consistent with the directives of this Order.

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 29th day of September, 2023.

*[Signature]*
Honorable Diane J. Humetewa
United States District Judge